**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-00678-PAB-MJW

CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM,
on Behalf of Itself and All Others Similarly Situated,

      Plaintiff,

v.

VESTAS WIND SYSTEMS A/S,
VESTAS AMERICAS, INC.,
BENT ERIK CARLSEN,
DITLEV ENGEL,
HENRIK NØRREMARK and
MARTHA WYRSCH,

      Defendants.

---

**PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 630 PENSION-ANNUITY
TRUST FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL**

---

The Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund (the "Pension-Annuity Trust Fund") respectfully submits this motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Dyer & Berens LLP ("Dyer & Berns") as liaison counsel for the class.[1]

## I.      INTRODUCTION

Presently pending in this district is an investor class action lawsuit on behalf of purchasers of Vestas Wind Systems A/S ("Vestas" or the "Company") securities in the United States, between October 27, 2009 and October 25, 2010, inclusive (the "Class Period"), against the Company and certain of its officers and Chairman of the Board for violations of the Securities Exchange Act of 1934 ("1934 Act").[2]  In securities class actions, the PSLRA requires district courts to "consider any motion made by a purported class member" and "appoint as lead plaintiff the member or members of

---

[1]      Pursuant to D.C. COLO. LCivR 7.1.A, undersigned counsel has conferred in good faith with defendants' counsel, who take no position on the appointment of lead plaintiff or lead counsel at this time.  However, defendants' counsel reserves the right to take a position or otherwise respond at a later time, if appropriate.  Due to the PSLRA's lead plaintiff procedure, however, the Pension-Annuity Trust Fund will not know which other class members, if any, intend to move for appointment as lead plaintiff until after all the movants have filed their respective motions.  At that time, the Pension-Annuity Trust Fund's counsel will attempt to ascertain whether its motion is opposed by those class members.

[2]      There is also a related action pending in the U.S. District Court for the District of Oregon, *Reed v. Vestas Wind Systems A/S, et al.*, No. 3:11-cv-00585-KI (filed May 13, 2011).  The Pension-Annuity Trust Fund is also filing a motion for appointment as lead plaintiff in the *Reed* action.

the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Pension-Annuity Trust Fund should be appointed as lead plaintiff because: (1) it timely filed this Motion; (2) to its counsel's knowledge, it has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension-Annuity Trust Fund's selection of Robbins Geller as lead counsel and Dyer & Berens as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   OVERVIEW OF THE UNDERLYING ACTION

Vestas engages in the development, manufacture, sale, and maintenance of wind technology products – *i.e.*, wind turbines – that utilize wind to generate electricity. The Company is headquartered in Randers, Denmark and maintains several branch offices and major manufacturing facilities located throughout the United States, including several in cities throughout the State of Colorado.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's financial revenues and earnings, as well as their fiscal year 2010 financial guidance. As a result of defendants' false and misleading statements regarding the Company's financial performance and outlook, Vestas' American Depository Receipts ("ADRs") and ordinary shares traded at artificially inflated prices throughout the Class Period, reaching a high of $26.00 and $78.05 per share, respectively, on November 9, 2009.

On August 17, 2010, Vestas issued its second quarter 2010 results and downwardly revised its 2010 financial outlook for revenue and earnings, admitting that hundreds-of-millions of Euros of

624120_1

wind system contracts expected to be recognized in 2010 – particularly in the United States – must be deferred.  As such, the Company decreased its 2010 revenue guidance from €7.0 billion to €6.0 billion and 2010 earnings before interest and taxes ("EBIT") guidance to a range of €360 - €300 million because revenue associated with firm and unconditional orders could not be recognized during fiscal 2010.  The market reaction to the Company's August 17, 2010 disclosures was swift and punitive.  For instance, the Company's ADRs dropped $4.08 per share to close at $14.06 per share on August 18, 2010, a one-day decline of 22.5%.  Further, the Company's ordinary shares trading in the United States dropped $12.30 per share to close at $42.30 per share on August 18, 2010, also representing a one-day decline of 22.5%.

Two months later, on October 26, 2010, before the U.S. markets opened, the Company admitted that it had failed to adopt the International Financial Reporting Interpretations Committee's Interpretation 15, *Agreements for the Construction of Real Estate* ("IFRIC 15"), a new accounting standard effective January 1, 2010, and as a result its 2010 financial statements would likely require correction as they were not in compliance with International Accounting Standards ("IAS").  In reaction to this news, Vestas' securities dropped another 10%.

The true facts, which were known by defendants but concealed from the investing public during the Class Period, were as follows:

- Defendants caused Vestas to improperly account for its revenue in violation of IAS by failing to timely adopt IFRIC 15; and

- Defendants failed to account for the effect of IFRIC 15 in determining Vestas' financial outlook and as a result they lacked a reasonable basis to provide financial guidance for the Company's fiscal year 2010.

As a result of defendants' false and misleading Class Period statements, Vestas' securities traded at artificially inflated levels throughout the Class Period.  After defendants' fraud was

- 3 -

revealed and absorbed by the market, investors sold their Vestas securities in mass, reducing the

price of Company's securities by 57% from their Class Period high.

## III.   ARGUMENT

### A.   The Pension-Annuity Trust Fund Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private

action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be

publicized in a widely circulated national business-oriented publication or wire service not later than

twenty days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA

provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or

group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

> 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Bard Assocs., Inc.*, 2009 U.S. App. LEXIS 26289, at *6 (10th Cir. 2009) ("'The "most capable" plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.'") (quoting *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)). The Pension-Annuity Trust Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1.   The Pension-Annuity Trust Fund's Motion Is Timely

The March 18, 2011, notice published in this action advised class members of the action's

pendency, the alleged claims, the proposed class period, and the option of moving the Court to be

624120_1

appointed as lead plaintiff within 60 days of the notice, or May 17, 2011.  *See* Declaration of Danielle S. Myers in Support of Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Myers Decl."), Ex. A.  This Motion is therefore timely filed and the Pension-Annuity Trust Fund is entitled to be considered for appointment as lead plaintiff.

### 2.      The Pension-Annuity Trust Fund Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension-Annuity Trust Fund purchased 9,631 shares of Vestas securities in the U.S. and suffered almost $70,000 as a result of defendants' fraud.  *See* Myers Decl., Exs. B-C.[3]  To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest.  Therefore, the Pension-Annuity Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.      The Pension-Annuity Trust Fund Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).   The adequacy and typicality requirements "'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'"  *Amchem Prods. v. Windsor*, 521 U.S. 591, 626

---

[3]      Named plaintiff, City of Sterling Heights General Employees' Retirement System, which suffered a smaller loss than the Pension-Annuity Trust Fund, joins in support of the Pension-Annuity Trust Fund's Motion.

624120_1

n.20 (1997) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  As detailed below, the Pension-Annuity Trust Fund satisfies the typicality and adequacy requirements of Rule 23(a).

Typicality exists when "the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).  And, in assessing adequacy, courts inquire as to "'whether the representative's claims are sufficiently interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation and whether the representative's counsel is competent.'" *Kerns v. SpectraLink Corp.*, 2003 U.S. Dist. LEXIS 11711, at *7-*8 (D. Colo. 2003) (citation omitted).

The Pension-Annuity Trust Fund satisfies these requirements because, just like all other class members, it purchased Vestas securities in the U.S. during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby.  *See* Myers Decl., Ex. B; *Adamson*, 855 F.2d at 676.  Thus, the Pension-Annuity Trust Fund's claims are typical of those of other class members.

The Pension-Annuity Trust Fund's interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Vestas securities and would benefit from the same relief.  The Pension-Annuity Trust Fund's almost $70,000 loss also demonstrates a sufficient interest in the action to ensure vigorous advocacy.  And, there is no evidence of antagonism between Pension-Annuity Trust Fund and the class.  Finally, as explained below, the Pension-Annuity Trust Fund's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  As such, the Pension-Annuity Trust Fund has demonstrated adequacy at this preliminary stage.  *Kerns*, 2003 U.S. Dist. LEXIS 11711, at *7-*8.

Thus, the Pension-Annuity Trust Fund satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B.    The Court Should Approve the Pension-Annuity Trust Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11.  The Pension-Annuity Trust Fund has selected Robbins Geller as lead counsel and Dyer & Berens as liaison counsel for the class.  These firms actively practice complex litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Myers Decl., Exs. D-E; *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").  Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

The Pension-Annuity Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension-Annuity Trust Fund respectfully requests

624120_1

that the Court appoint it Lead Plaintiff, approve its selection of counsel and grant such other relief as

the Court may deem just and proper.

DATED:  May 17, 2011                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                        DARREN J. ROBBINS
                                        HENRY ROSEN
                                        TRIG R. SMITH
                                        DANIELLE S. MYERS


                                        _____
                                            s/DANIELLE S. MYERS
                                            DANIELLE S. MYERS

                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        darrenr@rgrdlaw.com
                                        henryr@rgrdlaw.com
                                        tsmith@rgrdlaw.com
                                        dmyers@rgrdlaw.com

                                        [Proposed] Lead Counsel for Plaintiffs

                                        DYER & BERENS LLP
                                        ROBERT J. DYER III
                                        JEFFREY A. BERENS
                                        303 East 17th Avenue, Suite 300
                                        Denver, CO  80203
                                        Telephone:  303/861-1764
                                        303/395-0393 (fax)
                                        bob@dyerberens.com
                                        jeff@dyerberens.com

                                        [Proposed] Liaison Counsel

- 8 -

SUGARMAN & SUSSKIND
HOWARD S. SUSSKIND
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  305/529-2801
305/447-8115 (fax)

Additional Counsel for Plaintiffs

624120_1

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2011, I authorized the electronic filing of the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on May 17, 2011.

s/ DANIELLE S. MYERS
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:dmyers@rgrdlaw.com

# Mailing Information for a Case 1:11-cv-00678-PAB -MJW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com

- **Lyle Roberts**
  lroberts@dl.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)